[Civ. Nos. 9393, 9394. Second Appellate District, Division Two.— March 8, 1935.]

KATHARINE BADIN, Respondent, v. CHARLES L. GAUGH et al., Defendants; JOSEPH S. WYNN, etc., Appellant.

WILLIAM WOHLBERG, Respondent, v. CHARLES L. GAUGH et al., Defendants; JOSEPH S. WYNN, etc., Appellant.

Joe Crider, Jr., for Appellants.

LeRoy Anderson for Respondents.

WILLIS, J., *pro tem.*—There are two appeals herein, consolidated by stipulation, and the sole question concerns the

liability of appellant, Joseph S. Wynn, for the injuries resulting to respondents, caused by the established negligence of defendant Charles L. Gaugh in the operation of an automobile of which appellant was owner.

The claim of liability is founded on the provisions of section 1714¼ of the Civil Code and is limited to the proposition that defendant Gaugh, at the time and place of the accident was driving and operating appellant's automobile with the permission, express or implied, of appellant. The trial court found, in each case, that Gaugh, at the time and place of accident, was driving and operating the automobile with the permission of the owner, appellant herein. This finding is attacked by appellant, who claims it is not supported by the evidence.

If there is substantial support for such finding this court cannot disturb it. ■ An appellate court can rightfully set aside a finding for want of evidence only when there is no evidence to support it, or where the supporting evidence is so slight as to show abuse of discretion. (*Reay* v. *Butler*, 95 Cal. 206, 214 [30 Pac. 208].) ■ The supporting evidence herein consists in admissions of appellant that he had given Gaugh permission to use the car on Sundays. The accident happened on Sunday evening, some seven hours after Gaugh quit work for the day. Against this evidence, appellant adduced testimony to the effect that the only permission he ever gave to Gaugh to use or operate the automobile was limited to driving it back and forth from appellant's place of business to Gaugh's place of residence, Gaugh being in his employ. This created a conflict on the question of whether the permission was broad enough to include the drive in question, or was limited to driving back and forth from home to work before and after work hours. The solution of this conflict required a consideration of the element of credibility of witnesses and depended on a determination by the trial judge as to where credence was to be lodged. We cannot say that the evidence in support of the finding attacked was so slight as to show abuse of discretion on the part of the trial court. It is claimed by respondents to possess a real and substantial quality. We must view the evidence in the light most favorable to a support of the judgment. The trial judges—two in these cases—on the same evidence, each appraised the credibility of the wit-

nesses and weighed the evidence, and the findings founded thereon have substantial basis. We are therefore not at liberty to disturb them.

These conclusions render it unnecessary to consider other points argued in the briefs.

The judgments are and each of them is affirmed.

Stephens, P. J., and Crail, J., concurred.